Weiss v Park Towers S. Co., LLC (2024 NY Slip Op 02612)

Weiss v Park Towers S. Co., LLC

2024 NY Slip Op 02612

Decided on May 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2024

Before: Manzanet-Daniels, J.P., Singh, Kapnick, Gesmer, Rodriguez, JJ. 

Index No. 161545/15 Appeal No. 2255 Case No. 2023-04926 

[*1]Michael Weiss, Plaintiff-Respondent,
v
Park Towers South Company, LLC, et al., Defendants-Appellants.

Mauro Lilling Naparty LLP, Woodbury (Melissa A. Danowski of counsel), for appellants.
Law Office of Rolando R. Acevedo, New York (Rolando R. Acevedo of counsel), for respondent.

Order, Supreme Court, New York County (Frank P. Nervo, J.), entered on or about August 21, 2023, which denied defendants'[FN1] motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff, a psychiatrist, was conducting a patient session in his home office when Jacob Nolan, the cousin of his estranged former partner barged unannounced into the office. He was carrying a large black duffel bag and demanded that plaintiff give him certain financial documents required for the child shared by plaintiff and the former partner.[FN2] Plaintiff reproached Nolan, successfully expelled him from the apartment and locked the door. After the session, the patient departed but quickly returned to advise the plaintiff that the man who barged in was loitering in a common area of the building. Plaintiff then escorted his patient to the elevator and again engaged Nolan in dialogue. Nolan again communicated that his purported purpose was to retrieve some financial documents for the former partner and asked to use the bathroom in plaintiff's apartment (which plaintiff made available to patients). Plaintiff then permitted Nolan into his locked apartment to use the bathroom, while plaintiff printed the form Nolan had requested. Nolan then suddenly emerged from the bathroom and attacked plaintiff, hitting him with a sledgehammer and stabbing him multiple times with a knife. Nolan and the former partner were both arrested and convicted for felony assaults upon the plaintiff.
Under these circumstances, Supreme Court should have granted defendant's motion for summary judgment dismissing the complaint. We note that plaintiff raised legitimate issues regarding lapses in the defendants' security protocols, such as defendants' allowing Nolan to enter and wander around the building for over twenty minutes before exiting, only to re-enter the building minutes later without being challenged by the building staff about his continued presence. Plaintiff's conduct in re-admitting Nolan into the apartment after earlier expelling him, however, constituted an intervening act and a superseding proximate cause, relieving defendants from any liability for failure to provide adequate building security (see Benitez v Paxton Realty Corp., 223 AD2d 431, 432 [1st Dept 1996]; see also Fischer v River Place I LLC, 118 AD3d 473, 473 [1st Dept 2014]).
We have granted summary judgment to building owners and operators in similar premises liability cases where plaintiff tenants invite the possibility of danger into their apartment (see Benitez, 223 AD2d at 432 ["plaintiff's act of opening the locked apartment door, without first checking who was at the door, after dark, despite the fact that he had a peephole, was an intervening cause of the assailants' attack, severing any liability of defendant for failure to provide adequate security]), or failed to take protective measures against a possible security threat (see Fischer, 118 AD3d [*2]at 473 ["[t]he record shows that plaintiff's electronic access key had been stolen by her assailant on the day he had visited her apartment, and although plaintiff was aware that the key had been missing for approximately one week, she never reported it to building management or requested that the key be deactivated"]). Plaintiff's re-admission of Nolan, with his duffel bag, into the apartment shortly after Nolan's bizarre intrusion, though motivated by the benevolent intention of providing the documents purportedly required for his child, likewise constitutes an intervening act and superseding proximate cause requiring judgment in favor of defendants.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2024

Footnotes

Footnote 1: Defendant Park Towers South Company, LLC was the owner of 315 West 57th Street in Manhattan, where the subject incident occurred. Defendant Pelican Management, Inc. manages the property. Defendant Andrew Goldfarb was a Pelican employee and the building's operations coordinator at the time of the attack, and Goldfarb Properties, Inc., handled maintenance and rentals at the building. 

Footnote 2: Plaintiff and the former partner had a highly acrimonious relationship prior to the incident. They had recently settled a protracted, bitter custody battle, and the former partner, who had abused plaintiff throughout their relationship, had previously assaulted plaintiff with a weapon.